Nash, C. J.
 

 The question presented is as to the correctness of the Judge’s charge. The action is for the breach of a warranty in the sale of a soda-fountain. The contract is in writing. After stating the sale of the fountain and fixtures, It says, “represented to be in good condition,
 
 which good condition I
 
 warrant.”
 

 The defense was, that the soda-fountain was in good condition on the day of the sale, and that there was no material defect in its construction; and that if the fountain was in good condition on the day of the sale, and would make good soda-water on that day, the warranty was not broken, and that if it got out of order, the measure of the plaintiff’s damages was the cost of repairs.
 

 His Honor’s charge was, we think, correct. He informed the jury that the warranty was not confined to the day of the sale, but that it extended beyond it, and that in effect it extended to the future usefulness, for the purpose for which it was intended; that though it might have been in good condition on the day of the sale, and on that day made good soda-water, yet, if it was liable to get out of order, from time to time, by reason of some defect in the instrument itself, which existed at the time of the sale, and thereby rendered it unfit for the uses for which it was designed, the warranty was broken.
 

 The defendant insisted that, if the fountain was in good condition on the day of sale, there was no breach of the warranty. There is an old maxim,
 
 “ gui hceret in litera hceretin
 
 
 *143
 
 cortioe.” What was tbe understanding of tbe parties at tbe time of tbe sale ? Eor wbat purpose did tbe plaintiff buy tbe fountain, or tbe defendant sell it? Was it to make soda-water for a day ? Certainly not; but with tbe expectation and belief that it would last some time at least beyond that day. Tbe jury were instructed that, if from some inherent defect in the fountain, existing at tbe time of tbe sale, it was useless for the purposes for which it was intended, the- warranty waB broken. Can there be any doubt that the law is so ? A sells to B a horse, knowing well the use for which B buys him, and warrants him to be a safe horse in harness. For a few days the horse works very gently, but in a short time runs away with the carriage and breaks it. A is sued for a breach of warranty, but his reply is, I only warranted him to be gentle on the day of the sale, and on that day he worked gently. Would that defense avail, him? Surely not. The reply of B would be, “ I bought him from yon as a gentle, well-broke horse, and intended him not only for present, but future use. The fact, that he afterwards ran away' and broke the carriage, is evidence that the defect existed at the time of the sale.” So, here, if the defect in the fountain was inherent in the thing itself, either as to material or workmanship, not casual, but rendering it useless, the defect was in existence at the time of the sale, and the warranty was broken. It is sufficient, in pleading, to set forth the substance of the contract, and of course to prove it. l'Phil. on Ev. 208, 209.
 

 Upon the question of damages, his Honor was correct in stating the law. If the article was useless for the purpose for which it was intended, the measure of damages was as charged. • If the machine, by accident, got out of order, and was easily repaired, it would have been the duty of the plaintiff to repair it, and not seek to throw the fountain on the defendant ; but where the defect is inherent in the machine, the expense of keeping it in order might, in time, exceed the price given for it.
 

 This being a matter of construction of an express warranty,
 
 *144
 
 we are satisfied, that the proper one was placed upon it by his Honor.
 

 Pee Cukiam. Judgment affirmed.